UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MY M. PHENGSAVANH,<br><br>         Plaintiff,<br><br>     v.<br><br>CAROLYN COLVIN, Acting Commissioner of Social Security,<br><br>         Defendant. | No.: 4:15-CV-5018-EFS<br><br>**ORDER GRANTING DEFENDANT'S SUMMARY-JUDGMENT MOTION AND DENYING PLAINTIFF'S SUMMARY-JUDGMENT MOTION** |

    Before the Court, without oral argument, are two cross-summary-judgment motions. Plaintiff My M. Phengsavanh appeals the Administrative Law Judge's (ALJ) denial of benefits on the grounds that the ALJ failed to fully consider the treating, examining, and non-examining physicians' opinions and find Mr. Phengsavanh credible. ECF No. 12. The Commissioner of Social Security ("Commissioner") asks the Court to affirm the ALJ's decision that Mr. Phengsavanh is capable of performing substantial gainful activity in a field for which a significant number of jobs exist in the national economy. After reviewing the record and relevant authority, the Court is fully informed. For the reasons set forth below, the Court affirms the ALJ's decision and therefore denies Mr. Phengsavanh's motion and grants the Commissioner's motion.

ORDER - 1

**A.    Statement of Facts and Procedural History[1]**

Following suffering an injury during his employment and resulting physical and mental diagnoses, Mr. Phengsavanh filed for disability insurance benefits, alleging an onset date of May 1, 2012. His initial application was denied.

Mr. Phengsavanh requested a hearing before an ALJ; the ALJ issued an order denying benefits on September 25, 2014. ECF No. 9 at 21-37. The ALJ considered the medical records and reports prepared by Mr. Phengsavanh's treating and examining physicians, including Dr. Thomas Dillon, Dr. Naughne Boyd, Dr. Martin Koretzky, and Dr. Elliott Rotman, and non-examining physician Dr. Thomas McKnight's opinion. Although the ALJ determined that Mr. Phengsavanh suffers a left knee meniscus tear, major depressive disorder, posttraumatic stress disorder (PTSD), and pain disorder associated with both psychological factors and a general medical condition, the ALJ determined that these impairments did not equal the severity of a listed impairment and did not preclude Mr. Phengsavanh from working jobs that exist in significant numbers in the national economy. Mr. Phengsavanh filed a request for review with the Appeals Council, which was denied.

Mr. Phengsavanh filed this lawsuit, appealing the ALJ's decision. Thereafter, the parties filed the instant summary-judgment motions.

///

---

[1] The facts are only briefly summarized. Detailed facts are contained in the administrative hearing transcript, the ALJ's decision, the parties' briefs, and underlying records.

ORDER - 2

**B.   Disability Determination**

A "disability" is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The decision-maker uses a five-step sequential evaluation process to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920.

Step one assesses whether the claimant is engaged in substantial gainful activities during the relevant period. If she is, benefits are denied. 20 C.F.R. §§ 404.1520(b), 416.920(b). If she is not, the decision-maker proceeds to step two.

Step two assesses whether the claimant has a medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(c), 416.920(c). If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment is severe, the evaluation proceeds to the third step.

Step three compares the claimant's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(d), 404 Subpt. P App. 1, 416.920(d). If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. If the impairment does not meet or equal one of the listed impairments, the evaluation proceeds to the fourth step.

ORDER - 3

Step four assesses whether the impairment prevents the claimant from performing work she has performed in the past. This includes determining the claimant's residual functional capacity. 20 C.F.R. §§ 404.1520(e), 416.920(e). If the claimant is able to perform her previous work, she is not disabled. If the claimant cannot perform this work, the evaluation proceeds to the fifth step.

Step five, the final step, assesses whether the claimant can perform other work in the national economy in view of her age, education, and work experience. 20 C.F.R. §§ 404.1520(f), 416.920(f); *see Bowen v. Yuckert*, 482 U.S. 137 (1987).

The burden of proof shifts during this sequential disability analysis. The claimant has the initial burden of establishing a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971). The claimant meets this burden if she establishes that a physical or mental impairment prevents her from engaging in her previous occupation. The burden then shifts to the Commissioner to show 1) the claimant can perform other substantial gainful activity, and 2) that a "significant number of jobs exist in the national economy" which the claimant can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984). A claimant is disabled only if her impairments are of such severity that she is not only unable to do her previous work but cannot, considering her age, education, and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

///

ORDER - 4

**C.   Standard of Review**

On review, the court considers the record as a whole, not just the evidence supporting the ALJ's decision. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989) (quoting *Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)). The court upholds the ALJ's determination that the claimant is not disabled if the ALJ applied the proper legal standards and there is substantial evidence in the record as a whole to support the decision. *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983) (citing 42 U.S.C. § 405(g)); *Brawner v. Sec'y of Health & Human Servs.*, 839 F.2d 432, 433 (9th Cir. 1987) (recognizing that a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975), but less than a preponderance, *McAllister v. Sullivan*, 888 F.2d 599, 601-02 (9th Cir. 1989); *Desrosiers v. Sec'y of Health & Human Servs.*, 846 F.2d 573, 576 (9th Cir. 1988). "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citations omitted). "[S]uch inferences and conclusions as the [ALJ] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebrezze*, 348 F.2d 289, 293 (9th Cir. 1965). If the evidence supports more than one rational interpretation, the court must uphold the ALJ's decision. *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984).

///

ORDER - 5

**D.   Analysis**

Mr. Phengsavanh contests the ALJ's determination that he was not credible in regard to his symptoms and the impact those symptoms have on his daily living and the ALJ resultantly improperly discredited the opinions of his treating physicians, Dr. Dillon and Dr. Boyd, and two examining physicians, Dr. Rotman and Dr. Koretzky, who provided medical-source opinions, while relying too much on the opinions of non-examining physicians Dr. Thomas McKnight and Dr. Matthew Comrie.

In regard to the ALJ's credibility determination, the ALJ found based on the medical records, in particular those pertaining to Mr. Phengsavanh's knee and ankle conditions, that Mr. Phengsavanh's allegations regarding his symptoms and the intensity, persistence, and limiting effects of such symptoms were not supported by the medical record and therefore not credible. The Court finds the ALJ appropriately weighed the conflicting evidence in regard to Mr. Phengsavanh's symptoms and the limiting effects of the symptoms. The record supports the ALJ's credibility conclusion. *See, e.g.,* Dr. David Bauer's report, ECF No. 9 at 376 ("The claimant's physical examination is not physiologic, with evidence of symptom magnification and pain behaviors.").

The Court agrees with Mr. Phengsavanh that the ALJ failed to accurately summarize Dr. Boyd's assessment of Mr. Phengsavanh. The ALJ stated, the "[t]est results from Dr. Boyd notes significant over-reporting/exaggeration." ECF No. 9 at 33. Yet, the ALJ did not recognize in the decision that Dr. Boyd ultimately concluded that Mr. Phengsavanh's reported psychological symptoms and pain complaints were not the result of malingering, *see* ECF No. 9 at 425. Omitting this

ORDER - 6

information however from the ALJ's written decision is not inconsistent with the entire record as Dr. Boyd did not conclude that Mr. Phengsavanh suffered from a long-term disability but rather that continued psychiatric treatment through both medicine and counseling would be beneficial, and that a return to work would likely improve Mr. Phengsavanh's self-esteem and self-confidence. Accordingly, the ALJ's decision reflects a full consideration of Dr. Boyd's opinions in light of the entire record.

Mr. Phengsavanh also contends that the ALJ's statement that "[n]o treating or examining physician has indicated that the claimant is unable to work" is factually erroneous. ECF No. 9 at 34. The ALJ did not specifically highlight that Dr. Dillon recommended short-term disability for Mr. Phengsavanh in January 2012, or note that on May 21, 2012, Dr. Dillon stated that due to Mr. Phengsavanh's daughter's death earlier that month that he was "unable to estimate a return to work date for [Mr. Phengsavanh] at this time." ECF No. 9 at 429. Yet, the ALJ explained that Dr. Dillon failed to factually support the basis for his PTSD diagnosis and also noted that Dr. Dillon's assessments relied heavily on Mr. Phengsavanh's subjective exaggeration of his symptoms. The Court finds the ALJ, after weighing the conflicting record, appropriately determined that the evidence did not support a finding that Mr. Phengsavanh was unable to return to work within the next twelve months—the ultimate question that was before the ALJ. *See also* Dr. David Bot's report, ECF No. 9 at 382 (recommending that it would be in Mr. Phengsavanh's psychological best interest to continue working at a position he is physically capable of performing); *and* Dr. Naughne Boyd's

ORDER - 7

report, ECF No. 9 at 34 (recommending that Mr. Phengsavanh be placed on short-term disability for five to six months in order to reduce his stress and anxiety levels before returning to work).

The Court also finds that the ALJ's rejection of Dr. Martin Koretzky's and Dr. Elliot Rotman's evaluations of Mr. Phengsavanh was appropriate based on the record. As to Dr. Koretzky, the ALJ highlighted that Dr. Koretzky's opinion that Mr. Phengsavanh was "NOT capable of completing a work week at a consistent pace without disruptions from psychological symptoms" was inconsistent with Dr. Koretzky's other conclusions regarding Mr. Phengsavanh's understanding, memory, sustained concentration and persistence, social interaction, and adaption. ECF No. 9 at 456. As to Dr. Rotman, the ALJ determined that Dr. Rotman's opinions relied too heavily on Dr. Dillon's conclusion that Mr. Phengsavanh's symptoms were worse after the death of his daughter and erroneously determined that Mr. Phengsavanh's concentration, persistence, and pace are markedly limited. For these reasons, the ALJ did not fully credit Dr. Rotman's opinions. And while Mr. Phengsavanh submits the ALJ adopted Dr. McKnight's and Dr. Comrie's opinions, the Court finds the ALJ did not fully adopt these physicians' opinions but rather appropriately weighted them against the rest of the medical evidence. Based on a review of the conflicting evidence in the record, the Court finds the ALJ's decision is supported.

Here, the ALJ was faced with conflicting medical evidence. The ALJ reviewed the evidence, determined credibility, and resolved the conflicting medical evidence. *See Chaudhry v. Astrue*, 688 F.3d 661, 671

ORDER - 8

(9th Cir. 2012). The Court finds the ALJ's decision is supported by substantial evidence in the record.

**E.    Conclusion**

For the above-given reasons, **IT IS HEREBY ORDERED**:

1. Mr. Phengsavanh's Motion for Summary Judgment, **ECF No. 12**, is **DENIED.**

2. The Commissioner's Motion for Summary Judgment, **ECF No. 14**, is **GRANTED**.

3. **JUDGMENT** is to be entered in the Commissioner's favor.

4. The case shall be **CLOSED.**

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to counsel.

**DATED** this 30th day of October 2015.

s/Edward F. Shea
EDWARD F. SHEA
Senior United States District Judge